IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY PRITCHETT, | ) | CASE NO. 1:18 CV 0523 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Tony Pritchett under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI").[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

For the reasons set forth below, I affirm the ALJ's denial of benefits.

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 12.
[7] ECF No. 15 (Pritchett's brief); ECF No. 17 (Commissioner's brief).
[8] ECF No. 15, Attachment 1 (Pritchett's charts); ECF No. 17, Attachment 1 (Commissioner's charts).
[9] ECF No. 14 (Pritchett's fact sheet).

**Facts**

**A.  Background facts and decision of the Administrative Law Judge ("ALJ")**

Pritchett, who was 20 years old at the time of the hearing,[10] completed the 12th grade in special education.[11]   He had no past relevant work.[12]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Pritchett had a severe impairment consisting of borderline intellectual functioning.[13]

The ALJ found Pritchett had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with several non-exertional limitations.[14]   Based on the testimony of the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Pritchett could perform.[15]   The ALJ, therefore, found Pritchett not under a disability.[16]

---

[10] *Id.*
[11] *Id.*
[12] ECF No. 10, Transcript ("Tr.") at 48.
[13] *Id.* at 38.
[14] *Id.* at 41.
[15] *Id.* at 49.
[16] *Id.* at 50.

**B.     Issues on judicial review**

Pritchett asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Pritchett presents the following issues for judicial review:

- Whether the ALJ's Step Three finding that Pritchett's impairments did not meet Listing 12.05B lacked substantial evidence where the record shows that Pritchett has a full scale IQ score below 70 and has significant deficits in adaptive functioning.

- Whether the ALJ's RFC finding lacks substantial evidence when the ALJ failed to adequately evaluate Pritchett's allegations of cognitive difficulties.[17]

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence

---

[17] ECF No. 15 at 1.

as a reasonable mind might accept as adequate to support a conclusion.'"

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Application of legal principles**

This case presents a Step Three and Step Four challenge to the ALJ's finding of no disability. As an overview, the opinions of all acceptable medical sources – state agency sources, a consultative examiner, and a medical expert – agree that although Pritchett has a qualifying I.Q. score under Listing 12.05B, he does not have the requisite deficits in adaptive functioning to meet or equal the listing under that section. Further, these sources opined as to Pritchett's mental limitations, which the ALJ incorporated into her RFC

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

finding. This RFC, presented in a hypothetical to the VE, elicited an opinion that a significant number of jobs existed in the national economy that Pritchett could perform.

With no support of any opinion from acceptable medical sources, Pritchett counters with school records and documentation concerning his efforts to obtain employment through vocational guidance services. Participation in a program at University Hospital resulted in an opinion from a case manager that Pritchett could not successfully undertake independent, full-time employment. At the time of the hearing, Pritchett was working at Lincoln Electric as a janitor but experiencing performance difficulties.

The ALJ acknowledged that Pritchett has the I.Q. scores that qualify for Listing 12.05B. She also acknowledged Pritchett's performance issues at University Hospital and Lincoln Electric.[21]

The ALJ also discussed the educational records and testing upon which Pritchett relies.[22] And the ALJ discussed the evaluation by Pritchett's vocational guidance services case manager, giving it partial weight and articulating some reasons for the weight assigned.[23] Because that case manager is not an acceptable medical source, the analysis need not rise to the level of that required for acceptable sources.

Pritchett argues that in the four domains relevant under Listing 12.05B(2) – understand, remember, and apply information; interact with others; concentrate, persist, or

---

[21] Tr. at 42, 44-45.
[22] *Id.* at 42-43.
[23] *Id.* at 48.

5

maintain pace; and adapt and manage oneself – he has at least an extreme limitation in one domain or a marked limitation in two. Each of the acceptable medical sources who addressed those domains found otherwise.[24]

As a secondary argument, Pritchett urges that the RFC should have incorporated greater limitations that would have required a finding at Step Five that there was not a significant number of jobs in the national economy that Pritchett could perform. Here, Pritchett relies heavily on his two work experiences – University Hospitals and Lincoln Electric, the problems that he has experienced at each, and the opinion of his case manager, to establish that he cannot sustain independent, full-time employment. The Commissioner relies on the opinions of the consultative examiner and the medical expert to the contrary.[25] Pritchett's counsel questioned the VE at the hearing about chronic distraction and being off-task, and the VE replied that this could preclude employment.[26] Nevertheless, the ALJ fairly articulated review of the entire record, including the school records and work experiences upon which Pritchett relies, and came down on the side of no disability. Given the unanimity of the acceptable medical source opinions as to limitations – which were consistent with the RFC findings by the ALJ – and the ALJ's acknowledgement of the evidence for and against Pritchett's position, substantial evidence supports the ALJ's no disability finding.[27]

---

[24] *Id.* at 106-10, 122, 386-87, and 665.
[25] ECF No. 17 at 20-21.
[26] Tr. at 93-94.
[27] *See Atterbury v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 570-72 (6th Cir. 1989)

The final observation of the Commissioner in her brief is particularly apt: "While [Pritchett] would have weighed the opinion evidence differently, he has shown no error in the ALJ's analysis that would warrant a remand for further consideration."[28]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Pritchett had no disability. Accordingly, the decision of the Commissioner denying Pritchett supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: February 28, 2019                                s/ William H. Baughman, Jr.
                                                                    United States Magistrate Judge

---

(consistency of medical expert testimony and evidence of record constitutes substantial evidence to support the Commissioner's decision).
[28] ECF No. 17 at 21.